UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-07007-MEMF-SP                                   Date: August 20, 2025

Title   _Sondra Scott and Richard Scott v. Albertsons Companies, Inc., et al_

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: Order GRANTING Defendants' Ex Parte Application to Remand Case to Los Angeles Superior Court [ECF No. 10] [JS-6]**

For the reasons set forth below, the Court GRANTS the Ex Parte Application and REMANDS the case to Los Angeles County Superior Court.

On or about February 25, 2025, Plaintiffs Sondra Scott and Richard Scott ("Plaintiffs") filed this action in Los Angeles County Superior Court. _See generally_ ECF No. 1-4 ("Complaint"). This is a personal injury action in which Plaintiffs seek damages under causes of action for negligence, strict liability, negligent misrepresentation, fraudulent concealment, fraudulent misrepresentation, and loss of consortium. _Id._

On July 30, 2025, Defendant Long Drugs Stores ("Longs") removed the action to this Court. _See_ ECF No. 1 ("NOR"). The NOR specified that Defendants removed the action pursuant to 28 U.S.C. Section 1332 (which grants federal courts jurisdiction over diversity cases), 28 U.S.C. Section 1441 (which generally governs removal), 28 U.S.C. Section 1446 (which describes procedures for removal). _Id._ at 2.

On August 7, 2025, Plaintiffs filed an ex parte application to remand this action to Los Angeles Superior Court. _See_ ECF No. 10. Plaintiffs seek remand on an ex parte basis because of alleged defects on the face of the removal papers and because delay will cause irreparable prejudice to Plaintiff Sondra Scott who is ill. ECF No. 10-1 ("Application") at 4. Longs filed its Opposition to the Application on August 12, 2025. ECF No. 12 ("Opposition" or "Opp'n"). Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-07007-MEMF-SP                                              Date: August 20, 2025

Title   _Sondra Scott and Richard Scott v. Albertsons Companies, Inc., et al_

Colgate-Palmolive Company ("Colgate") filed an Amended Joinder to Longs's Opposition. ECF No. 15 ("Joinder'). The parties also filed supplemental declarations. ECF Nos. 16, 17.

The Court has considered the Application, and has found that Plaintiffs are correct in their assertion that removal was improper on the basis of unanimity.[1]

Federal courts are courts of limited jurisdiction and, as such, "have an independent obligation to determine whether subject matter jurisdiction exists." _Kokkonen v. Guardian Life Ins. Co. of Am._, 511 U.S. 375, 377 (1994); _Arbaugh v. Y&H Corp._, 546 U.S. 500, 501 (2006) (citing _Ruhrgas AG v. Marathon Oil Co._, 526 U.S. 574, 583 (1999)). Lack of subject matter jurisdiction may be raised sua sponte by the district court at any point in the litigation. Fed. R. Civ. P. 12(h)(3); _see Ruhrgas_, 526 U.S. at 583.

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). However, "the 'rule of unanimity' does not apply to 'nominal, unknown or fraudulently joined parties.'" _United Computer Sys., Inc. v. AT&T Corp._, 298 F.3d 756, 762 (9th Cir. 2002).

In the instant case, Longs contends that because Plaintiffs have settled with Chanel, Inc. ("Chanel"), and Christian Dior Perfumes LLC ("Christian Dior"), "these defendants do not have a real interest in the litigation" and therefore "are nominal defendants, and their joinder or consent is no longer proper pursuant to 28 U.S.C. § 1446 for removal of civil actions pursuant to 28 U.S.C. § 1441." NOR at 9–10; _see_ Opp'n at 10–11 (arguing that Plaintiffs filed notices of settlement, but otherwise not disputing that the settlements are yet to be finalized); _see also_ Joinder at 2, 4 (arguing that Chanel and Christian Dior are nominal parties because Plaintiffs filed notices of settlement, but otherwise not disputing that the settlements are yet to be finalized). The Court finds this argument unavailing. For the purposes of necessity of joining in removal, "[a] defendant is a nominal party where his role is limited to that of a stakeholder or depositary." _Hewitt v. City of Stanton,_ 798 F. 2d 1230, 12333 (9th Cir. 1986). To be "[n]ominal means simply a party having no immediately apparent stake in the litigation either prior or

---

[1] The Court finds it unnecessary to reach the issue of whether Longs's removal was timely under the Federal Rules of Civil Procedure because the consent issue alone is dispositive, and therefore does not make a determination regarding the timeliness issue at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-07007-MEMF-SP                                              Date: August 20, 2025

Title        <u>Sondra Scott and Richard Scott v. Albertsons Companies, Inc., et al</u>

subsequent to the act of removal." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013).

The Court finds that these two defendants are not nominal parties because they have not been settled out of the case. Plaintiffs have agreed in principle to settlement terms with defendants Chanel and Christian Dior, but there are no binding written agreements signed by any of the parties, no claims have been released yet, and no payment is due or has been rendered. ECF No. 10-2 (Declaration of Deborah R. Rosenthal) at 3. The consent of these defendants was therefore necessary for removal, and Longs has not provided proof of any such consent, but rather asserts that the consent is unnecessary. NOR at 9–10; *see* Opp'n at 10–11. Moreover, neither Longs nor Colgate has provided binding authority that filing of a notice of settlement is sufficient to find a party nominal. *See* Joinder at 4 (citing a Fifth Circuit caselaw). Therefore, the Court finds that it lacks jurisdiction,[2] and therefore remand is proper.

Longs asks in the alternative for an opportunity to remedy this defect, but it provides no binding authority that compels this Court to grant such a request. *See id.* at 11.

**Conclusion**

Because Longs has failed to show proof of consent to removal from all defendants, the Court GRANTS the Ex Parte Application and REMANDS the action.

**IT IS SO ORDERED.**

                                                                                                    :
                                                                        **Initials of Preparer**        DBE

---

[2] Because the Court lacks jurisdiction, it is unable to evaluate Longs's remaining arguments in its Opposition, such as whether the Application is procedurally defective or whether Plaintiffs satisfied the requirements under *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). *See* Opp'n at 3–8.